**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**


UNITED STATES

    v.                                     CR. No. 11-019-01-ML

SAMOL MOM


<u>**MEMORANDUM AND ORDER**</u>

Petitioner Samol Mom ("Mom"), proceeding *pro se*, has filed a timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is denied.

**I.  Background and Travel**

On March 30, 2011, Mom pleaded guilty to possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §922(g)(1). According to the prosecution's version of events, Mom was arrested in September 2010 by police officers responding to a report of shots fired in a Providence neighborhood. Upon arriving at the scene, the officers received witness information regarding a gray Lexis automobile leaving the area. The witness also described the driver of the Lexis and his passenger and was able to provide the Rhode Island registration of the car.

The officers proceeded to the address at which the car was registered and observed the Lexis parked behind the house located

at that address. The officers observed two individuals hunched forward inside the car and it appeared that the men were retrieving or placing something beneath the seats. As one of the officers removed the driver from the Lexis, he noticed the handle of a handgun protruding from beneath the driver's seat. The driver was identified as Mom. A search of the Lexis revealed a loaded semi-automatic handgun under the driver's seat.[1] The firearm was test fired and was found to be operable; it was also identified as a stolen weapon.[2] Mom was determined to have been previously convicted of several felony offenses.

In March 2011, Mom - who was represented throughout the subsequent criminal proceedings by counsel appointed for him - entered into a plea agreement with the government, pursuant to which he agreed to plead guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). During the course of a change of plea hearing on March 30, 2011, Mom pleaded guilty to the charged offense and agreed to the factual presentation of the evidence by the government. On June 16, 2011, Mom was sentenced to 63 months of incarceration and a term of 36 months of supervised release. Mom's sentence was based on a criminal history category VI

---

[1]

The passenger was identified as Elliott Marzette; a loaded semi-automatic pistol was found under the passenger seat.

[2]

Mom disputed that the firearm was stolen and did not admit to this allegation in his plea colloquy.

and a total offense level of 19 (a base offense level 20, increased by 2 levels because the firearm was stolen, decreased by a 3 level adjustment for acceptance of responsibility), resulting in a sentencing guideline range of 63 to 78 months.

In accordance with his plea agreement, because the sentence imposed by the Court was within the guideline range determined by the Court, Mom did not file a direct appeal of his conviction and sentence. Instead, Mom filed a collateral appeal pursuant to 28 U.S.C. §2255, in which he asserts that his three prior felony drug convictions - which qualified him as a felon, and on which his criminal history category was calculated - had been amended to misdemeanors. (Docket # 25). In addition, Mom filed a motion requesting a Rule 11 hearing[3] and for the sentencing transcripts (Docket # 26). Mom opposed the government's request (Docket # 29) for additional time to respond to Mom's §2255 motion and to obtain certified copies of the judgments of conviction at issue. (Docket # 30). After the government filed a response in opposition to Mom's §2255 motion (Docket # 31), Mom filed a motion to amend his §2255

---

[3]

No hearing is required in this matter because the files of this case conclusively establish that the claims in Mom's §2255 motion are without merit. David v. United States, 134 F.3d 470, 477-478 (1st Cir.1998)("Even if a hearing is requested, a district court properly may forgo it when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations 'need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'")(quoting United States v. McGill, 11 F.3d 223, 225-226 (1st Cir.1993)).

motion by adding a memorandum thereto. (Docket # 32). In this additional filing, Mom suggested, *inter alia*, that he received ineffective assistance of counsel because his counsel failed to assert that (1) this Court had no jurisdiction over the case because charges for the same criminal conduct were pending in state court; (2) the "government did not have ... legislative jurisdiction over the location where the alleged events giving rise to the offense transpired"; (3) a defendant who serves less than one year on a conviction is not considered a felon; (4) the search and seizure of Mom occurred in violation of the Fourth Amendment of the Constitution; and (5) Mom's counsel failed to conduct any pre-trial investigation and/or discovery. Thereafter, Mom filed a motion requesting the "right to reply at a later date in lieu of his recently filed amendment." (Docket # 33). Finally, Mom filed a motion requesting that the Court take judicial notice of that fact that Mom has taken steps to vacate his prior state court convictions. (Docket # 34).

## II. Standard of Review

Pursuant to Section 2255, a prisoner may move to vacate, set aside or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack .

4

. . ."  28 U.S.C. § 2255(a).  Relief under Section 2255 is available to the petitioner only if the Court finds a lack of jurisdiction, constitutional error, or a fundamental error of law.  See United States v. Addonizio, 442 U.S. 178, 184-84, 99 S.Ct. 2253, 60 L.Ed.2d 805 (1979) (holding that "an error of law does not provide a basis for a collateral attack unless the claimed error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'")(quoting Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

A fundamental error of law is a defect "'which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994) (quoting Hill v. United States, 368 U.S. at 428, 82 S.Ct. at 471). Sentencing error claims are generally not cognizable in a §2255 proceeding, absent "exceptional circumstances." Knight, 37 F.3d at 773-74.

### III. Mom's §2255 Motion

In his §2255 motion, Mom asserts four grounds for his request to vacate, set aside, or correct his sentence. Mom's Mot. Page 4 of 6 (Docket # 25). First, Mom states that his guilty plea was not made knowingly, willingly or intelligently. Id. Second, Mom contends that he was provided with ineffective assistance of counsel who, Mom alleges, provided him with misadvice. Id. Third,

Mom states that his waiver of the right to pursue a direct appeal was not knowingly, willingly and intelligently made, because he was given incorrect and inaccurate information by his counsel and the prosecution. Id. Finally, Mom suggests that his sentence was illegally imposed on him and that this Court was without jurisdiction to impose a sentence of 63 months on him. Id. at Page 5 of 6.

Although Mom challenges his conviction and sentence on four different grounds, the gravamen of his arguments with respect to each of those grounds is directed at Mom's disagreement with the calculation of his criminal history. Specifically, Mom maintains that his three prior drug convictions in Rhode Island state court were for misdemeanor possession to which he pleaded nolo contendere. Id. at Pages 4-5 of 6. Thus, Mom argues that (1) he did not have the qualifying offenses to be adjudged a felon, precluding his conviction of being a felon in possession of a firearm, and (2) the state convictions could not be used to compute his significant criminal history category.

In response, the government submitted documentation - which have not been challenged by Mom - related to the three convictions[4] that served to qualify Mom as a felon and that weighed

---

[4]

The Court notes that Mom had an extensive criminal history which included numerous convictions for a variety of offenses in addition to the three felonies at issue.

significantly in calculating Mom's criminal history category:

(1) In 2004, Mom pleaded nolo contendere in Rhode Island state court to manufacture, delivery and possession of a Schedule I/II controlled substance, and to possession of marijuana. Mom was sentenced to six years' imprisonment, with three months to serve and 69 months suspended with 69 months' probation for the former, and one year suspended with one year probation for the latter. Judgment of Conviction and Commitment (Docket # 31-1 at Pages 1-2 of 4) and Request to enter plea of nolo contendere or guilty. Id. at Page 4 of 4. In 2008, Mom admitted to having violated the terms of his probation, for which the suspension was removed and Mom was sentenced to 69 months' imprisonment, six months to serve, 63 months suspended with 63 months' probation. Judgment of Conviction and Commitment. Id. at Page 3 of 4.

(2) In 2008, Mom pleaded nolo contendere in Rhode Island state court to possession of a Schedule I-V controlled substance, for which he was sentenced to 36 months' imprisonment, six months to serve, 30 months suspended with 36 months' probation. Judgment of Conviction and Commitment (Docket # 31-2, Pages 1-2 of 3), request to enter plea of nolo contendere or guilty. Id. at Page 3 of 3.

(3) In 2009, Mom pleaded nolo contendere in Rhode Island state court to possession of a Schedule I-V controlled substance, for which he was sentenced to six years' imprisonment, nine months to serve, 63 months suspended with 63 months' probation. Judgment of

Conviction and Commitment (Docket # 31-2, Pages 1,2 of 3), Request to enter plea of nolo contendere or guilty. Id. at Page 3 of 3.

In his §2255 motion, Mom appears to challenge his status as a felon because (1) he pleaded nolo contendere to the three convictions at issue, and (2) he served less than one year on each of those convictions. Neither of those arguments carry any weight.

First, pursuant to the United States Sentencing Guidelines, a prior sentence constitutes a predicate conviction for purposes of computing a defendants' criminal history if the sentence was previously imposed upon adjudication of guilt "whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." 2011 U.S.S.G. §4A1.2(a)(1) (emphasis in original); United States v. Cadavid, 192 F.3d 230, 238-239 (1st Cir. 1999). This determination is consistent with § 12-18-3 of the Rhode Island General Laws, which provides that a plea of nolo contendere of "any person who is sentenced to serve a term in the adult correctional institutions or who is given a suspended or deferred sentence in addition to probation," is considered a conviction. R.I. Gen. Laws § 12-18-3(b)(1982); United States v. Patrone, 948 F.2d 813, 817 (1st Cir. 1991)(concluding that "a nolo contendere plea followed by a sentence of imprisonment or a suspended sentence constitutes a conviction.").

Second, for the purpose of computing a defendant's criminal history, a "felony" is defined as "any federal, state, or local

offense punishable by death or a term of imprisonment exceeding one year, <u>regardless of the actual sentence imposed</u>." 2011 U.S.S.G. §4A1.2(o)(emphasis added); <u>United States v. Almenas</u>, 553 F.3d 27 (1st Cir. 2009)(rejecting defendant's argument that offense - which carried a punishment of up to two and one-half years' incarceration - did not qualify as a felony because it was categorized as a misdemeanor under state law and where the defendant was only required to pay a fine).

Under Rhode Island law, "any criminal offense which at any given time <u>may be punished</u> by imprisonment for a term of more than one year, or by a fine of more than one thousand dollars ($1,000), is declared to be a felony;..." R.I. Gen. Laws § 11-1-2 (1985)(emphasis added). Accordingly, an offense which is punishable by more than one year of imprisonment constitutes a predicate felony offense for the purpose of calculating a defendant's sentence, regardless whether a part or all of the sentence has been suspended. <u>State v. Burke</u>, 811 A.2d 1158, 1168-1169 (R.I. 2002)(noting the United States Supreme Court's conclusion that "'[a] suspended sentence is a prison term imposed for the offense of conviction. Once the prison term is triggered [by a probation violation], the defendant is incarcerated not for the probation violation, but for the underlying offense.'" (quoting <u>Alabama v. Shelton</u>, 535 U.S. 654, 654, 122 S.Ct. 1764, 1770, 152 L.Ed.2d 888, 898 (2002)).

In sum, it is undisputable that Mom was previously convicted in Rhode Island state court for three separate offenses for which sentences of incarceration of more than one year could be imposed. Neither the fact that Mom pleaded nolo contendere to those offenses nor that he was required to serve less than one year on each offense with the remainders suspended, change the felony categorization of those offenses. As such, each of those three convictions could serve to qualify Mom as a felon who was prohibited from possessing firearms and all three convictions were appropriately included in the computation of Mom's criminal history category.

With respect to the additional arguments that Mom has raised in his amended §2255 petition (Docket # 32), the Court has considered those arguments and finds them to be without merit.

### V. Conclusion

For all of the foregoing reasons, Mom's motion to vacate, set aside, or correct his sentence is DENIED and DISMISSED.

### Ruling on Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing §2255 Proceedings for the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability because Mom has failed to make "a substantial showing of the denial of a constitutional right" as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Mom is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter.  <u>See</u> Rules Governing § 2255 Cases, Rule 11(a).


SO ORDERED.


<u>/s/ Mary M. Lisi</u>

Mary M. Lisi

Chief United States District Judge


June 4, 2013